Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0445 | **DATE** | March 4, 2011 |
| **CASE TITLE** | Reginald Brewer (#2010-1209121) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the Cook County Jail trust fund account officer to begin making deductions from Plaintiff's fund account in accordance with this order until the entire $350 filing fee is paid. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is given thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff, Reginald Brewer, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants subjected him to false arrest. More specifically, Plaintiff alleges that on September 7, 2010, he was subjected to an illegal search of his person and his automobile by two unnamed Chicago police officers, presumably resulting in his arrest. The only Defendant named in Plaintiff's complaint is the City of Chicago.

Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.20. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

However, Plaintiff must submit an amended complaint. Plaintiff names only one Defendant in his complaint: the City of Chicago. A municipality cannot be held liable for a constitutional violation in the absence

AWL

| STATEMENT (continued) |
|---|

of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. See , e.g., *Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). In the case at bar, Plaintiff does not suggest that there was an unconstitutional municipal policy or custom leading to the alleged constitutional violation. Therefore, there is no basis for liability on the part of the City of Chicago, and it is dismissed as a Defendant.

Plaintiff additionally has named two "John Doe" Chicago Police Officers as Defendants. Plaintiff must name as Defendants the individual(s) who allegedly subjected him to illegal seizure and false arrest. If Plaintiff cannot name the individuals, he can name a supervisory official such as Terry Hilliard, the current Superintendent of the Chicago Police Department, for the purpose of identifying unknown Defendants. See *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Thus, to the extent that Plaintiff does not know the identity of the officers who committed the allegedly unlawful acts, Plaintiff may name Superintendent Hilliard as a Defendant until Plaintiff learns in discovery the identity (or identities) of the currently unnamed "John Doe" Defendants.

Once Plaintiff has filed his amended complaint to name Superintendent Terry Hilliard as a Defendant, and counsel for Hilliard has appeared and answered the amended complaint, Plaintiff should serve on counsel for Defendant Hilliard discovery requests pursuant to the Federal Rules of Civil Procedure calculated to determine the identity of the officers whom Plaintiff alleges violated his rights. Once Plaintiff has ascertained the identity of the John Doe officers, Plaintiff can again amend his complaint to substitute in the named officers and dismiss Hilliard as a Defendant.

Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the officers in question. The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998)). Under controlling Seventh Circuit law, a plaintiff may not invoke the relation back principles of Rule 15(c) to replace John Doe Defendants with named Defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is given thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits that Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Court requests that the Clerk provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply with this order within thirty days, the case will be summarily dismissed. However, Plaintiff still will be responsible for paying the filing fee.