Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0445 | **DATE** | May 13, 2011 |
| **CASE TITLE** | Reginald Brewer (#2010-1209121) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted an amended complaint. The Court finds that Plaintiff's complaint is acceptable pursuant to review under 28 U.S.C. § 1915A. The Clerk is ordered to issue summons to Defendant Terry Hilliard and the U.S. Marshals Service is directed to serve him. Defendant Hilliard remains a Defendant solely for the purpose of assisting in identifying the proper Defendants. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

Plaintiff, currently in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on September 7, 2010, he was subjected to an illegal search of his person and his automobile by unnamed Chicago Police Officers, presumably resulting in his arrest. Plaintiff names Interim Chicago Police Superintendent Terry Hilliard as a Defendant, as ordered by the Court on March 4, 2011, solely to assist in determining the identities of the unnamed John Doe Police Officer Defendants.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants for false arrest. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).

Plaintiff has named Defendant Hilliard solely for the purpose of discovering the identities of the police officers who conducted the alleged illegal search and arrest. Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the officers in question. The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe Defendants with named Defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

The Clerk shall issue summons for service of the complaint on Defendant Hilliard (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

    The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.